John P. Courtney, Esq. Informal Opinion No. 99-40 Springs Fire District Attorney P.O. Box 720 Amagansett, New York 11930
Dear Mr. Courtney:
You have inquired whether a person may serve simultaneously as elected Town Clerk of the Town of East Hampton and as a member of a Board of Fire Commissioners for a fire district located wholly within that Town. We conclude that there is no incompatibility between these two positions.
You note that Town Law § 174(6) requires that a fire district commissioner's oath of office be filed with the town clerk. In a telephone conversation, you further advised us that the Town has at least one Deputy Town Clerk.
First, we have found no statute prohibiting the concurrent holding of these two offices. Section 20(4) of the Town Law imposes some restrictions on dual office holding by elected town officers. These restrictions prohibit a person from holding more than one elective town office. This provision does not apply here because a fire district is a political subdivision separate from a town. See Town Law § 174(7); General Construction Law § 66. Town Law § 174(4) imposes restrictions on dual office holding by fire district officers, but does not bar such officers from being town clerk. Thus, the State Legislature has not prohibited an individual from simultaneously holding the positions of town clerk and fire district commissioner.
Second, the two offices are not incompatible under common law principles. In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office is People ex rel. Ryan v. Green, 58 N.Y. 295
(1874). In that case the Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the duties of the two offices.
The powers and duties of fire district commissioners are set forth in Town Law § 176. The duties of a town clerk are set forth in Town Law § 30. One position is not subordinate to the other because they are within separate legal entities. Moreover, there is no foreseeable conflict between the duties of the two positions. See, Op Atty Gen (Inf) No. 92-25 (positions of town assessor and fire district commissioner compatible). With the exception of the filing of the fire district commissioner's oath of office, which we do not view as a source of conflict, we foresee no intersection of the duties of the two offices. Town Law § 174(6) requires that a fire district commissioner file his oath of office with the town clerk. The failure to file the oath in a timely manner would result in a vacancy in the office of fire district commissioner. Public Officers Law § 30(1)(h). To avoid any questions regarding the timeliness of the filing of the fire commissioner's oath of office, the oath should be filed with the deputy town clerk.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General